**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Scott SEGAL, etc., Defendant–**
**Appellant.**

**No. 05–10658.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 13, 2006.

Filed Jan. 3, 2007.

Frederick A. Battista, AUSA, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Douglas A. Passon, Esq., FPDAZ–Federal Public Defender's Office, Phoenix, AZ, for Defendant–Appellant.

Before: SCHROEDER, Chief Circuit Judge, FARRIS and RAWLINSON, Circuit Judges.

MEMORANDUM *

■ The Defense argues that Segal never gave valid consent for ATF agents to search the storage facility, as he was effectively forced to consent in order to win pre-trial release. Under *United States v. Scott,* consent under these circumstances may support a warrantless search if the search is also "reasonable." *Scott,* 450 F.3d 863, 868 (9th Cir.2006).

The search was reasonable, as it was supported by probable cause. The ATF agents knew (based on testimony before the Massachusetts magistrate judge) that Segal had transferred a number of firearms to the Arizona storage facility at some unspecified time after he became a felon in 1992. This created probable cause that Segal had either possessed or transported these firearms after he had become a felon, in violation of 18 U.S.C. § 922(g)(1). The existence of probable cause, combined with Segal's consent, means that there are no grounds to suppress the weapons and explosives found in the search.

■ The Defense argues that the Government's failure to timely disclose exculpatory evidence was outrageous conduct that required dismissal of the indictment on due process grounds or under the district court's supervisory powers.

To violate due process, government conduct "must be so grossly shocking and so outrageous as to violate the universal sense of justice." *United States v. Barrera–Moreno,* 951 F.2d 1089, 1092 (9th Cir. 1991). Dismissals based on due process are reserved for "the most intolerable government conduct." *United States v. Restrepo,* 930 F.2d 705, 712 (9th Cir.1991). We are satisfied that the Government's two-day delay in turning over exculpatory evidence does not warrant due process dismissal.

■ If government conduct is not outrageous enough to warrant due process dismissal, a district court may nonetheless dismiss the case pursuant to its supervisory powers. *See Barrera–Moreno,* 951 F.2d at 1091 and *United States v. Simpson,* 927 F.2d 1088, 1090 (9th Cir. 1991).

To justify exercise of supervisory powers, the prosecution's wrongful conduct must have been flagrant *and* must have caused substantial prejudice to the defendant. *See United States v. Fernandez,* 388 F.3d 1199, 1239 (9th Cir.2004). The Defense was offered, but rejected, opportunities to make Power available for further interviews by Defense counsel, re-open the Government's case in chief to allow the Defense additional cross-examination, or declare a mistrial and start anew. There was no prejudice.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.